UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

BROOKE SCHULTZ, et al.,

    Plaintiffs,

v.

BECTON DICKINSON AND
COMPANY, et al.,

    Defendants.

CIVIL ACTION NO.
1:23-CV-00981-JPB

**ORDER**

This matter is before the Court on Defendants'[1] Motion to Dismiss Plaintiffs' Amended Complaint. [Doc. 10]. This Court finds as follows:

**BACKGROUND**

Brooke Schultz and Brooke Schultz, Inc. (collectively, "Plaintiffs") filed this action against Defendants on March 2, 2023. [Doc. 1]. Plaintiffs filed an Amended Verified Complaint ("Amended Complaint") on April 6, 2023. [Doc. 5]. In the Amended Complaint, Plaintiffs seem to allege wrongful termination related to the refusal to take the COVID-19 vaccine. Ultimately, Plaintiffs assert the following causes of action: (1) wrongful termination and retaliation; (2) defamation and slander; and (3) violation of legal rights and breach of covenant of

---

[1] Defendants include Becton Dickinson and Company, Tom Polen and Steve Richard.

good faith and fair dealing. The Amended Complaint contains the following jurisdictional allegation:

> This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331 because this case involves federal questions, and the amount in controversy exceeds $75,000. Venue is proper in this court since a significant amount of the events and conduct complained of herein, all occurred in the Northern District of Georgia, and is invoked pursuant to 28 U.S.C. § 1319(b) & (c). Personal jurisdiction is established over the corporate Defendants under diversity jurisdiction and whose conduct giving rise to the claims.

[Doc. 5, p. 2].

Defendants moved to dismiss Plaintiffs' Amended Complaint on April 20, 2023. [Doc. 10]. Defendants argued, among other things, that this Court lacks subject matter jurisdiction.

## DISCUSSION

A defendant may challenge subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) either facially or factually. Douglas v. United States, 814 F.3d 1268, 1274-75 (11th Cir. 2016). A facial attack requires the court to examine the complaint to determine whether the plaintiff has sufficiently alleged a jurisdictional basis. Id. at 1274. A factual attack, on the other hand, requires the court to examine matters outside the pleadings to determine whether the plaintiff has sufficiently alleged a basis for the court's jurisdiction. Id. at 1278. Here, Defendants lodged a facial attack by arguing that Plaintiffs failed to sufficiently

allege a jurisdictional basis. Accordingly, this Court will limit its review to the face of the Amended Complaint.

Plaintiffs in this case are *pro se*, and therefore this Court has an obligation to construe the pleadings liberally. Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998). Even so, this liberal construction does not allow this Court to act as *de facto* counsel or rewrite otherwise deficient pleadings for a *pro se* litigant. GJR Invs., Inc. v. Cty. of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998).

In order for a federal court to have jurisdiction, a plaintiff must show, on the face of the complaint, either federal question jurisdiction or diversity jurisdiction. Federal question jurisdiction is governed by 28 U.S.C. § 1331, which provides that district courts "shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." In other words, for federal question jurisdiction to exist, a plaintiff's complaint must claim a right to recover under the Constitution or laws of the United States. Bell v. Hood, 327 U.S. 678, 681 (1946).

In this case, Plaintiffs allege, in a conclusory fashion, that this case involves federal questions.[2] Importantly, Plaintiffs never specify what the federal questions

---

[2] Without any elaboration, Plaintiffs also make a passing reference to Title VII. To the extent Plaintiffs make "vague references to federal law" in the Amended Complaint, "such fleeting fragments are not sufficient to show federal question jurisdiction." Welch

3

are and none of the causes of action appear to be federal causes of action.  Indeed, Plaintiffs bring claims for:  wrongful termination and retaliation; slander and defamation; and violation of legal rights and breach of covenant of good faith and fair dealing.  Ultimately, this Court can discern no basis for federal question jurisdiction.[3]

Diversity jurisdiction is governed by 28 U.S.C. § 1332, which provides that district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 and is between citizens of different States.  Plaintiffs' Amended Complaint states that the amount in controversy exceeds $75,000.  The Amended Complaint does not, however, allege the citizenship of each of the parties.  Specifically, Plaintiffs do not state the citizenship of either Defendant Polen or Defendant Richard.  Moreover, as to Defendant Becton Dickinson and Company, Plaintiffs only state the location of the headquarters.  Stating the location of the headquarters is not sufficient because "[a]

---

v. Pen Air Fed. Credit Union, No. 18-00220, 2019 WL 4684453, at *5 (S.D. Ala. Sept. 25, 2019); see also Butler v. Morgan, 562 F. App'x 832, 835 (11th Cir. 2014) ("The sole reference to federal law in the amended complaint . . . without context or elaboration . . . is inadequate to demonstrate a federal question under the well-pleaded complaint rule.").

[3] Plaintiffs did file an opposition to Defendants' Motion to Dismiss.  Plaintiffs did not, however, address the jurisdictional argument or otherwise claim that the Court had jurisdiction over this action.  Instead, Plaintiffs stated: "[i]n the interest of judicial economy, Plaintiff is going to refrain from addressing Defendants' arguments because none of the arguments by the Defendants have any merit or bearing on this case." [Doc. 19, p. 5].

corporation is a citizen of its state of incorporation as well as the state in which it has its principal place of business." Hunt v. Nationstar Mortg., LLC, 782 F. App'x 762, 768 (11th Cir. 2019). Because the Amended Complaint does not show the citizenship of the parties, the Court finds that Plaintiffs' allegations are not sufficient to establish diversity jurisdiction.

In sum, the Amended Complaint does not adequately allege federal question jurisdiction or diversity jurisdiction. As such, this Court is without jurisdiction to consider this matter.

## CONCLUSION

For the reasons stated above, Defendants' Motion to Dismiss [Doc. 10] is **GRANTED**. This action is **HEREBY DISMISSED** without prejudice for lack of subject matter jurisdiction. In light of the dismissal, all other motions [Docs. 9, 27, 35, 36 and 37] are **DENIED** as moot. The Clerk is **DIRECTED** to close this case.

**SO ORDERED** this 21st day of December, 2023.

_____
J. P. BOULEE
United States District Judge